UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GILBERT V. HUERAMO II, )<br>)<br>            Plaintiff, )<br>)<br>v.          )<br>)<br>ROY WELLS, Chief of Police of the )<br>Village of Robbins, and the VILLAGE )<br>OF ROBBINS, a municipal corporation )<br>in the State of Illinois,     )<br>)<br>           Defendants. ) | Case No.:<br><br>Judge:<br><br>Mag. Judge:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, GILBERT V. HUERAMO II, by and through one of his attorneys, Laura L. Scarry of DeANO & SCARRY, LLC., complaining against ROY WELLS, Chief of Police of the Village of Robbins in his individual and official capacities, and the VILLAGE OF ROBBINS, and stating the following:

**Nature of the Action**

1.    This is an action for monetary damages for violations of Plaintiff's rights via 42 U.S.C. § 1983 under the equal protection clause of the Fourteenth Amendment of the United States Constitution and Illinois state law.

**Jurisdiction and Venue**

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, § 1334 and § 1367.

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims herein occurred, and the Defendants reside, within this district.

1

**Parties**

4. Plaintiff Gilbert V. Hueramo II ("Hueramo" or "Plaintiff") is a Caucasian male. He was employed by the Village of Robbins as a police officer from June, 2016 until his unlawful termination on or about November 28, 2016.

5. The Village of Robbins ("Village") is a municipality incorporated under the laws of the State of Illinois.

6. At all relevant times, Defendant Roy Wells ("Wells" or "Defendant"), an African-American male, acted under color of law as the Chief of Police for the Village of Robbins. Defendant is sued in his individual capacity for inflicting upon Plaintiff the injuries described throughout the complaint. Defendant Wells was also a final policy maker with respect to various matters at issue in this complaint and, as such, is sued in his official capacity.

**Facts**

7. The population of the Village of Robbins is 94% African-American.[1] The Village of Robbins Police Department at all relevant times is comprised entirely of African-American employees with the exception of two Caucasian males, one of which was Plaintiff Hueramo, employed at the Police Department.

8. On or about June 16, 2016, Defendant Village of Robbins hired Plaintiff Hueramo as a patrol officer. Plaintiff Hueramo satisfactorily performed his duties throughout his employment.

9. Plaintiff Hueramo is a highly trained law enforcement professional with over 23 years of dedicated experience as a reserve and/or part-time police officer. In addition, he is a certified law enforcement trainer providing training on use of force and other law enforcement related topics.

---

[1] http://www.zip-codes.com/city/il-robbins-2010-census.asp.

10. Plaintiff Hueramo has received a number of prestigious awards throughout his law enforcement career to include the Illinois Medal of Honor Award from Governor Bruce Rauner; a Medal of Valor Award and Life Saving Award from the Island Lake Police Department; a Life Saving Award from the McHenry County Sheriff's Police Department; a Medal of Excellence from the Illinois Tactical Officers Association; and the prestigious Lt. Col. D. Grossman Dave Kim Award for Valor.

11. Additionally, Plaintiff Hueramo was awarded McHenry County Officer of the Year by the McHenry County Chiefs of Police Association in 2014.

12. After being employed by the Village of Robbins Police Department for just over one month, Plaintiff Hueramo was named Officer of the Month for July, 2016. Defendant Wells and Mayor Tyrone Ward awarded Plaintiff with a plaque commemorating the honor at a board meeting in August, 2016.

13. Approximately one month later, Defendant Wells offered Plaintiff Hueramo the position of Sergeant for the midnight shift. In response, Hueramo tolde Wells that he was grateful for the offer but he could not accept the position due to his family obligations.

14. On November 28, 2016, Defendant Wells called Plaintiff Hueramo into his office for a meeting. Upon arrival, Wells handed Hueramo a letter which informed him that his employment was terminated effective immediately.

15. Prior to the meeting described in the previous paragraph, Plaintiff Hueramo was performing his job duties exceptionally. Hueramo received no indication that he was failing to meet his job expectations or he needed to improve his job performance before his unlawful termination.

16. Immediately following Plaintiff Hueramo's termination and over the course of the

3

following week, Hueramo's supervisors and union representatives met with Defendant Wells to determine the reason for Plaintiff Hueramo's termination.

17. In response to the inquiry, Defendant Wells told Hueramo's supervisors and union representatives that two citizens complained to him that Plaintiff Hueramo allegedly mistreated them.

18. However, the purported complainants failed to file a written complaint and failed to submit sworn affidavits affirming the truth of their allegations. Further, prior to terminating Plaintiff Hueramo, Defendant Wells failed to conduct any investigation into the allegations made by the purported complainants.

19. Instead, Defendant Wells also stated to Plaintiff Hueramo's union representatives that he fired Hueramo because he "did not want another Ferguson."

20. Defendant Wells unlawfully terminated Plaintiff Hueramo due to his race, Caucasian.

21. Defendant Wells' conduct as described in the previous paragraphs was performed by him in his individual capacity and official capacity. With respect to his official capacity, Defendant Wells, as a matter of custom and practice, possessed and exercised final policy making authority to terminate Plaintiff Hueramo.

22. However, Defendant Wells failed to terminate similarly-situated non-Caucasian police officers even though they engaged in similar misconduct or more egregious misconduct warranting termination.

23. Further, the Defendant Village of Robbins has a custom and practice of treating non-Caucasian police officers employed by the Village better than their Caucasian colleagues due to their race.

24. The Village of Robbins has a custom and practice of disciplining less harshly, or failing to terminate, non-Caucasian police officers when they engage in similar misconduct, or more egregious misconduct, as compared to Caucasian police officers.

## COUNT I

**42 U.S.C. § 1983 Violation of Equal Protection v. All Defendants**

25. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

26. Defendants terminated Plaintiff Hueramo because of his race, Caucasian.

27. Defendants treated similarly-situated non-Caucasian police officers employed by the Village of Robbins Police Department better than Plaintiff Hueramo because of his race.

29. Defendants intentionally subjected Plaintiff Hueramo to unequal and discriminatory treatment that altered the conditions of Plaintiff Hueramo's employment.

30. The actions of Defendants against Plaintiff Hueramo violated his equal protection right to be free from discrimination under the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983.

31. The actions of Defendants were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff Hueramo's rights as secured by the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983.

32. The actions of Defendants in discriminating against Plaintiff Hueramo based on his race caused Plaintiff to suffer severe damages including the loss of reputation, pain and suffering, mental anguish, inconvenience, lost wages and benefits, future pecuniary losses and other consequential damages.

WHEREFORE, Plaintiff respectfully requests:

    A.    Reinstatement of his employment with the Village of Robbins Police Department;

    B.    All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, future pecuniary losses, and prejudgment interest;

    C.    Compensatory damages in an amount to be determined at trial;

    D.    Punitive damages as allowed by law as against the individual Defendant;

    E.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

    F.    Such other relief as the Court may deem just or equitable.

## Count II

### State Law Claim--Indemnification

33. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

34. Illinois law provides that public entities are directed o pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

35. Defendant Wells is an employee or agent of the Village of Robbins, who acted within the scope of his employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, GILBERT HUERAMO III, respectfully requests that this Court enter judgment in his favor and against Defendants ROY WELLS, Chief of Police of the Village of Robbins, and the VILLAGE OF ROBBINS, awarding compensatory damages, attorneys' fees, and costs against each Defendant, and punitive damages against the individual Defendant, as well as any other relief this Court deems appropriate.

### JURY DEMAND

Plaintiff, GILBERT HUERAMO, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

          Respectfully submitted,

          DeANO AND SCARRY, LLC.

          s/Laura L. Scarry
          **Attorney for Plaintiff**

Laura L. Scarry ARDC#6231266
**DeAno and Scarry, LLC**
53 W. Jackson Blvd.
Suite 740
Chicago, IL  60604
Tel:  (630) 690-2800
Fax:  (312) 564-4125